932 F.2d 969
 137 L.R.R.M. (BNA) 2440
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
C & H MOVING AND STORAGE COMPANY, Respondent.
 No. 90-6377.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1991.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and COHN, District Judge.*
 
 
 2
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 3
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, C & H Moving and Storage Company, Grand Rapids, Michigan, its officers, agents, successors, and assigns, enforcing its order dated August 15, 1990, in Case NO. 7-CA-29536. Counsel for the Respondent filed a response stating there was no objection to the proposed judgment against the named Respondent. Both the Respondent and the Board agree that the personal liability of any individuals associated with the Respondent would have to be determined, if necessary, in future proceedings.
 
 
 4
 Upon consideration, it is concluded judgment granting enforcement of the Board's decision should be entered.
 
 
 5
 It therefore is ORDERED that the Board's application for summary enforcement of its decision in Case No. 7-CA-29536 is granted. The Respondent, C & H Moving and Storage Company of Grand Rapids, Michigan, its officers, agents, successors, and assigns shall:
 
 1. Cease and desist from:
 
 6
 (a) Refusing to bargain in good faith with General Teamsters Union, Local No. 406, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO (hereinafter called the Union) as the exclusive representative of the unit employees with respect to wages, hours, and other terms and conditions of employment by failing to make contractually required health, welfare, and pension payments and wage increases.
 
 
 7
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 8
 2. Take the following affirmative action which the board has found necessary to effectuate the policies of the Act:
 
 
 9
 (a) On request, bargain in good faith with the Union regarding the health, welfare, and pension benefits and wage increases afforded to employees in the bargaining unit.
 
 
 10
 (b) Furnish the contractually required health, welfare, and pension payments.
 
 
 11
 (c) Make whole employees in the unit in the manner set forth in the remedy section of the Board's decision.
 
 
 12
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 13
 (e) Mail a copy of the attached notice marked "Appendix" to the Union and to all unit employees who were employed at the Grand Rapids, Michigan facility when the Respondent ceased operations. Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Respondent's authorized representative, shall be mailed to the Respondent immediately on receipt as above directed.
 
 
 14
 (f) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 16
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT refuse to bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit with respect to wages, hours, and other terms and conditions of employment by failing to make contractually required health and welfare and pension payments and wage increases.
 
 
 19
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 20
 WE WILL, on request, bargain in good faith with the Union regarding the health, welfare, and pension benefits and wage increases afforded to employees in the bargaining unit.
 
 
 21
 WE WILL furnish the contractually required health, welfare, and pension payments.
 
 
 22
 WE WILL make whole the employees in the unit by paying in the manner set forth by the National Labor Relations Board the contractually required health, welfare, and pension payments and wage increases.
 
 C & H MOVING AND STORAGE COMPANY
 
 23
 (Employer)
 
 
 24
 Dated _______________ By ______________________________
 
 
 25
 (Representative)
 
 
 26
 (Title)
 
 
 27
 This is an official notice and must not be defaced by anyone.
 
 
 28
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 
 
 *
 The Honorable Avern Cohn, District Judge for the Eastern District of Michigan, sitting by designation